### DECIDED IN

# THE SUPREME COURT

#### OF THE

## TERRITORY OF WASHINGTON.

[Decided January 7, 1888.]

## DEWITT RUMSEY *v.* TERRITORY OF WASHINGTON

Case 1.
3 w 332
14   309

3 w t 332
Case 1
a28   323

GRAND JURORS—MARRIED WOMEN—SECTION 3050 OF CODE.—The amendment to Section 3050 of the Code, which attempts to confer the elective franchise upon women, is void, by reason of having a defective title. Hence, married women, not being electors, are not eligible as grand jurors.

ERROR to the District Court holding terms at Seattle. Third District.

The plaintiff in error was convicted upon an indictment for riot, and judgment was rendered against him, from which he appealed.

Against his objections, a married woman was impanneled as a member of the grand jury which returned the indictment upon which he was tried. Numerous other alleged errors were assigned and argued fully in the briefs of counsel on both sides, but were deemed unnecessary to be considered and determined by the court.

*Messrs. Struve, Haines & McMicken,* and *Mr. J. R. Lewis,* for the Plaintiff in Error.

*Mr. J. T. Ronald, Prosecuting Attorney,* for the Defendant in Error.

Mr. Justice TURNER delivered the opinion of the court.

On the authority of the case of *Harland* v. *The Territory*, 3 Wash., decided at the last term of this court, we hold that married women are not eligible as grand jurors under the laws of this territory.

Two of the present quorum were not on the bench when that case was decided, and do not adopt its reasoning further than to concur in the view there presented, that the act of the legislature purporting to amend section 3050 of the Code of Washington Territory, so as to make females qualified electors, is in contravention of the organic act, because of its defective title. Hence, that females, not being qualified electors, are not qualified to serve as jurors.

The judgment of the lower court is reversed, and the cause remanded for further proceedings.

JONES, C. J., LANGFORD, J., and ALLYN, J., concurred.